In the Matter of ONYX RECORDS, INC., Debtor.

**Bankruptcy No. 83 B 11570.**

United States Bankruptcy Court, S.D. New York.

Aug. 3, 1984.

Pryor, Cashman, Sherman & Flynn, New York City, for petitioners, Fields & Blanchris.

Townsend, Rabinowitz, Pantaleoni & Valente, New York City, for debtor.

### DECISION AND ORDER ON MOTION TO DISMISS

EDWARD J. RYAN, Bankruptcy Judge.

On October 27, 1983, Joe Fields and Blanchris, Inc. filed an involuntary petition pursuant to Chapter 7 of the Bankruptcy Code (Code) against Onyx Records Inc. (Onyx). 11 U.S.C. § 303(b).

Onyx was a domestic corporation formed on or about July 15, 1971 under the name of Avatar Productions, Inc. (Avatar). The name was changed to Onyx Records, Inc. in 1973. Onyx was owned equally by Joe Fields and Don Schlitten. Onyx was in the business of securing rights in "classic" jazz master recordings and manufacturing and distributing phono records derived from such master recordings.

Mr. Fields is also the sole shareholder of Blanchris, Inc., which is the parent company of another record label known as Muse Records (Muse). Muse is primarily in the business of recording and distributing contemporary jazz records.

By an agreement dated July 19, 1972 between Fields and Schlitten, Muse and Onyx shared office facilities and other overhead type expenses in order to minimize such expenses for both companies.

After several years of operation, disagreements arose between Schlitten and Fields regarding the operation of Onyx. These disputes interfered with the business operations of Onyx and ultimately resulted in a complete termination of the business.

On July 1, 1971 Don Schlitten, individually and as shareholder, officer and director of Onyx Records, Inc., a/k/a Avatar Productions, Inc., commenced four causes of action against Onyx Records, Inc., a/k/a Avatar Productions, Inc., Muse Records, Inc., a Division of Blanchris, Inc., and Joe Fields in the Supreme Court of the State of New York, County of New York. Schlitten claimed that Muse and/or Blanchris was indebted to Schlitten in the sum of $15,000 and that no part of said sum had been paid. Schlitten also alleged that Muse and/or Blanchris was to pay Schlitten a 2% royalty on the gross sales of records produced by Schlitten. Schlitten also claimed that he was entitled to receive from Blanchris or from Blanchris' subsidiary company, Blanchris Music, Inc., 50% of all moneys received by Blanchris in connection with certain Muse albums.

On April 7, 1977, Schlitten brought on a petition for the dissolution of Onyx Records and for the appointment of a state court receiver in Special Term Part I of the New York State Supreme Court pursuant to Section 1106 of the New York Business Corporation Law.

By order entered on April 14, 1977 a receiver was appointed by the New York State Supreme Court and the receiver was directed to take possession and dissolve Onyx.

In general, the dispute between Schlitten and Fields is a question of what is the proper segregation of royalties and expenses amongst Onyx, Muse and Blanchris.

On February 17, 1984 Onyx brought on a motion to dismiss the Chapter 7 petition pursuant to section 305(a)(1) of the Code.

Pursuant to section 305(a)(1) the court may dismiss a case if the interest of creditors and the debtor would be better served by such dismissal.

The receivership proceeding has been in existence for seven years and a significant amount of testimony and documentation has been accumulated. There are many questions that should be determined by the state court receiver at this advanced stage. *See In Re Marketing Services, Inc.,* 20 B.R. 943 (Bankr.Ct.Kan.1982). Foremost amongst these are questions as to what moneys and assets belong to Onyx and to Muse Records.

Accordingly, the motion to dismiss the Chapter 7 petition is granted.

It is so ordered.